**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TERRY GENE FREEMAN,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-176-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Terry Gene Freeman, TDCJ-ID #117433, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On May 6, 2003, a jury found Freeman guilty of aggravated sexual assault of a child and

assessed his punishment at life imprisonment. (Clerk's R. at 143.) Freeman appealed his conviction, however the Eleventh District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary. *See Freeman v. Texas*, 168 S.W.3d 888 (Tex. App.–Eastland 2005); *Freeman v. Texas*, PDR No. 900-05; Texas Judiciary Online, *available at* http://www.cca.courts.state.tx. The United States Supreme Court denied writ of certiorari on June 19, 2006. *Freeman v. Texas*, 126 S. Ct. 2892 (2006). Freeman has not filed a state habeas application. He filed this federal petition for writ of habeas corpus on March 7, 2007. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

## D. ISSUES

Freeman raises twelve grounds for relief. (Insert to Petition.)

## E. RULE 5 STATEMENT

Quarterman filed a motion to dismiss Freeman's petition on exhaustion grounds. (Resp't Motion to Dismiss at 4-6.)

## F. EXHAUSTION OF STATE COURT REMEDIES

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally

proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Freeman has not exhausted his state court remedies in a procedurally correct manner with respect to the majority of the issues presented. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. Although Freeman attempted to raise one or more of the unexhausted claims in the intermediate appellate court by pro se motions or brief, he was represented by counsel on appeal and had no right to hybrid representation. Thus, the majority of his issues were not properly raised on appeal and have not been considered on the merits by the Texas Court of Criminal Appeals on direct review or in a state habeas proceeding. Because the state court has not yet had a fair opportunity to consider the merits of Freeman's claims, the claims are unexhausted for purposes of federal habeas review, and any ruling from the federal court at this juncture would be premature. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002).

As previously noted, Freeman has not filed a state habeas application. Thus, he has an avenue to seek state relief on his complaints by way of habeas corpus. Thus, he must first pursue his state habeas corpus remedies before seeking relief under § 2254. Absent a showing that state

remedies are inadequate, such showing not having been demonstrated by Freeman, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

In his reply, Freeman moves for a stay and abeyance of the action until the Fifth Circuit considers whether his claims are indeed exhausted or so that he may satisfy the exhaustion requirement by whatever method this court prescribes. Where a petitioner fails to exhaust his claims in state court, a federal court has the discretion to either stay and abate or dismiss the action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Contrary to his assertion, Freeman has not demonstrated circumstances warranting a stay.

Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Freeman can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[1]

## II. RECOMMENDATION

Quarterman's motion to dismiss should be granted and Freeman's petition for writ of habeas corpus should be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

---

[1] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 2, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 2, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

    SIGNED June 11, 2007.

                                               /s/   Charles Bleil
                                           CHARLES BLEIL
                                           UNITED STATES MAGISTRATE JUDGE