```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION
```

TERRY GENE FREEMAN,            §
    Petitioner,                §
                               §
VS.                            §   CIVIL ACTION NO.4:07-CV-176-Y
                               §
NATHANIEL QUARTERMAN, Director,§
T.D.C.J.,Correctional          §
Institutions DIV.,             §
    Respondent.                §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Terry Gene Freeman under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 11, 2007; and

3. The Petitioner's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on July 5, 2007.

The Court, after <u>de novo</u> review, concludes that Petitioner's objections must be overruled, the motion for stay and abeyance should be denied, and the petition for writ of habeas corpus should be dismissed for lack of exhaustion for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his objections, petitioner Freeman again argues that he is entitled to have this Court stay this proceeding based upon the Supreme Court's decision in *Rhines v. Weber,* 544 U.S. 269 (2005). Although that case authorized district courts to stay a petition under 28 U.S.C. § 2254 in order for a petitioner to complete exhaustion of his claims in state court, the Court required a

petitioner to make a showing of good cause.[1] Freeman did not state, in his petition for discretionary review (PDR) to the Texas Court of Criminal Appeals (TXCCA), all of the claims he states in the instant petition under 28 U.S.C. § 2254. He did attempt to challenge the court of appeals' refusal to allow him to present issues pro-se while he was represented by appellate counsel. The TXCCA refused Freeman's PDR, and his application for a writ of certiorari was denied by the Supreme Court.[2]

Instead of then presenting his remaining claims in the avenue available to him under Texas law--an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure--Freeman chose to file this action, arguing that he had exhausted remedies in state court, notwithstanding the state courts' rulings. (March 15, 2007, Brief in Support at 1-3.) This petition does not demonstrate a showing of good cause for granting a stay. Once Freeman's arguments were rejected by the TXCCA in its denial of his PDR application, he then should have sought relief on his other claims in an application for writ of habeas corpus under article 11.07.[3] He chose not to do so before filing in federal court. His motion to stay must be denied, and his objections overruled.

---

[1] *See Rhines,* 544 U.S. at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.")

[2] *Freeman v. Texas,* PDR No. 900-05, *available at* http://www.cca.courts.state.tx; *Freeman v. Texas,* 126 S.Ct. 2892 (2006).

[3] Of course, the applicable limitations provision would have been tolled during the pendency of such a filing. *See* 28 U.S.C.A. § 2244(d)(2)(West 2006).

2

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Freeman's motion for stay and to hold the case in abeyance [docket no. 15] is DENIED.

Terry Gene Freeman's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[4]

SIGNED July 24, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] A one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. *See* 28 U.S.C.A. § 2244(d)(1-4)(West 2006). As noted, the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West 2006).

3