ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 19 2010

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY GENE FREEMAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-176-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Terry Gene Freeman, TDCJ-ID #1174333, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On May 6, 2003, a jury found Freeman guilty of aggravated sexual assault of a child, his step-daughter, and assessed his punishment at life imprisonment. (Clerk's R. at 143) Freeman appealed his conviction raising, among others, ground one, *infra*, but the Eleventh District Court of Appeals of Texas affirmed the trial court's judgment, the Texas Court of Criminal Appeals refused his petition for discretionary, and the United States Supreme Court denied writ of certiorari. *See Freeman v. State*, 168 S.W.3d 888 (Tex. App.–Eastland 2005); *Freeman v. State*, PDR No. 900-05; *Freeman v. State*, 126 S. Ct. 2892 (2006). Freeman did not pursue state habeas relief, but, instead, sought from the Texas Court of Criminal Appeals leave to file a petition for writ of mandamus to compel rulings of his lower court matters raised in grounds two through four, *infra*, which was denied without written order. *Ex parte Freeman*, Appl. No. WR-61,863-01. This federal petition for habeas relief was filed on March 7, 2007. During the pendency of the action, Freeman has pursued two interlocutory appeals in the Fifth Circuit.

## D. Issues

The district court has delineated the following grounds for relief that are subject to review on the merits and which are raised in Freeman's amended petition:

(1) Veniremembers Horn and Baxter failed to disclose that they knew or knew of Tracey Freeman (Freeman's wife), or the victim from their grand jury service, thus depriving him of an opportunity to "root out" unqualified jurors.

(2) Both the state appellate court and Freeman identified one or more colorable federal claims subject to appellate review and the state court denied him due process by refusing to review the claims.

(3) The procedures followed by the state appellate court "very effectively" blocked consideration of any meritorious federal claims on appeal, thus denying him an adequate and effective appeal as of right.

(4) The state purposefully discriminated against him when it forced an appellate attorney upon him "against his will," resulting "in the discriminatory effect that the state did not review colorable federal claims" in violation of his equal protection rights.

(Pet. Insert)

### E. RULE 5 STATEMENT

The grounds raised have been exhausted as required by 28 U.S.C. § 2254(b)(1)(A) or are addressed on the merits notwithstanding Freeman's failure to exhaust.[1] *Id.* § 2254(b)(2).

### F. DISCUSSION

### Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case

---

[1] There is some support that a mandamus action filed in state court does not establish the exhaustion requirement. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (writ of mandamus was not sufficient to exhaust state remedies citing LA. CODE CRIM. PROC. art. 351 *et seq.*); *Anderson v. Tx. Bd. of Pardons and Paroles*, 2006 WL 1875964, at *1 (S.D.Tex. July 5, 2006) (mandamus action filed in state court was not an application for habeas relief and did not establish exhaustion); *Tate v. Dretke*, 2005 WL 1949592, at *2 (S.D.Tex. Aug.12, 1995) (application for mandamus does not satisfy the exhaustion requirement because it is not collateral review); *accord, Moore v. Cain*, 298 F.3d 361, 364-65 (5th Cir. 2002) (mandamus is not a properly filed application for post conviction relief or other collateral review for purposes of tolling under 28 U.S.C. § 2244(d)(2).

3

differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

## 1. *Voir Dire*

Freeman claims two veniremembers failed to disclose during voir dire that they served on the grand jury that indicted his wife, Tracey Freeman, for failing to protect her daughter from Freeman and that they knew or knew of Freeman, Tracey Freeman and the victim from their grand jury service. According to Freeman, their failure to disclose this information deprived him of an opportunity to "root out" unqualified jurors and challenge the jurors for cause. (Pet'r Reply to Resp't Supp. Answer at 4-7)

The Texas Court of Criminal Appeals has extended the Sixth Amendment guarantee of the right to an impartial jury to the right to question the veniremembers in order to intelligently exercise peremptory challenges or challenges for cause. *See Franklin v. State*, 138 S.W.3d 351, 354 & n.15 (Tex. Crim. App. 2004). Relying solely on state law, the state appellate court addressed Freeman's claim as follows:

[A]ppellant argues that he was denied the right to intelligently exercise his peremptory challenges during voir dire because of the failure of two veniremembers to disclose that they served on the grand jury that indicted appellant's wife for failing to protect her child, the victim, from appellant. . . .

Appellant's wife was indicted on September 19, 2002, for failure to protect her daughter (appellant's stepdaughter) from appellant's sexual assault. Appellant was indicted by the next impaneled grand jury on February 4, 2003, for the offense of aggravated sexual assault of his stepdaughter. . . . [A]ppellant claims that he was denied his right to intelligently exercise his peremptory challenges on voir dire because two jurors at his trial, Barry Lynn Horn and Elizabeth Ann Hanson Baxter, were untruthful and did not disclose that they had previously served on the grand jury which indicted appellant's wife for failing to protect the victim.

At the outset of voir dire, the prosecutor told the venire panel that he planned to call appellant's wife as a witness, that "she currently has a pending indictment against her arising out of this same case," that the charge against her was "failing to act to prevent this from happening," and that he would give her "use immunity." The prosecutor then told them that "use immunity" meant that the wife could be forced to testify in this case, but that the State could not use her testimony in this case in the case against her. The prosecutor then asked Horn whether granting use immunity to appellant's wife would have any effect on his judging her credibility. Horn answered, "Not at all."

During voir dire, the prosecutor asked if anyone knew Brent Luttrell, a potential witness. Horn said that he did and that he knew Luttrell through school. The prosecutor then asked if Horn knew anything about this case. Horn said, "No."

When the State concluded its questioning, appellant's counsel asked the venire panel if anyone knew the prosecutor. Baxter said that she knew the prosecutor from serving on the grand jury during the second half of the previous year. Counsel then asked Baxter if "anything about that experience might influence [her]?" Baxter said, "No." Appellant's counsel also asked Horn if he knew the prosecutor. Horn said that he had been on the grand jury twice and that both of the prosecutor's children were in high school when Horn was the high school principal. Counsel then asked if "[a]nything about that that might have you leaning one way or the other?" Horn said, "Not at all." Later, an unidentified venireperson stated that he or she was on the same grand jury as Baxter. The unidentified venireperson may have been Horn; however, the record only refers to a "venireperson."

Appellant's . . . point of error was not presented to the trial court in a motion for new trial. Thus, the record on this issue is limited. Based on the dates that Baxter said that she served on the grand jury, it appears that Baxter was on the grand jury

5

that indicted appellant's wife; but the record does not confirm that fact. Horn may be the person who signed the wife's indictment as foreperson of the grand jury, but there is nothing in the record to establish that he was.

> There is nothing in the record to show that Horn and Baxter were biased or prejudiced even if they did serve on the wife's grand jury. Their brief answers may have been truthful; there is no evidence in the record to show otherwise. In the absence of a showing that panel members were biased or prejudiced by prior jury service, no error is shown.
>
> . . .
>
> This case is similar to *Armstrong v. State*. . . . The issue in *Armstrong* was whether a prospective juror's failure to reveal that she and the prosecutor were close friends constituted juror misconduct. The court held that it did not because no one had asked the panelists if they knew the prosecutor. No one asked Horn and Baxter if they served on the grand jury that indicted appellant's wife.
>
> During the six-month grand jury term, the grand jurors may have reviewed many cases. Even if it is established that Horn and Baxter served on the grand jury that indicted appellant's wife, it may be that they did not remember any facts relating to the charge against appellant. We can only say that appellant has not shown that Horn or Baxter were biased or prejudiced and were not impartial jurors.

*Freeman*, 168 S.W.3d at 890-91 (citations omitted).

Federal courts do not review violations of state law on habeas review unless the violation renders the trial as a whole fundamentally unfair, such showing not having been demonstrated by Freeman. *See Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law disqualifying venireperson from service on jury not reviewable). Furthermore, even if the court were to review the claim on its merits, the claim fails. The Sixth Amendment guarantees an impartial jury. U.S. CONST. amend. VI; *Solis v. Cockrell*, 342 F.3d 392, 400 & n.44 (5th Cir. 2003). A juror is biased if his "views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir.

2000) (quoting *Wainwright v. Witt*, 469 U.S. 412, 424 (1985)). "Actual bias" exists when a juror fails to answer a material question honestly on voir dire, and a correct response would have provided a valid basis for a challenge for cause. *United States v. Bishop*, 264 F.3d 535, 554 (5th Cir. 2001) (citing and applying *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984)).

Freeman has not satisfied either prong of this test. His allegations that the jurors in question recalled his case, the persons involved in the case, and the particulars of the case from their grand jury duty, dishonestly answered questions posed to the venire, as a whole, or to them individually, and were biased or prejudiced against the defense, are speculative. Such allegations are insufficient to entitle him to habeas relief. *See Montoya*, 65 F.3d at 419 n.28. The state court's adjudication of the claim is neither contrary to federal law on the issue nor unreasonable given the evidence before the court.

## 2. *State Appellate Proceedings*

Freeman claims the state appellate court denied him due process and/or equal protection by refusing to review colorable claims (ground two), denying him an adequate and effective appeal as of right (ground three), and forcing an appellate attorney upon him. (Pet. Insert)

The record reflects Andrew Ottaway was originally appointed to represent Freeman on appeal. Ottaway filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw. The Eleventh Court of Appeals permitted Ottaway to withdraw and remanded the case to the trial court for appointment of new counsel. The court appointed David Stokes. Stokes filed a brief on behalf of Freeman, raising two grounds. Freeman filed one or more motions to proceed *pro se*, in addition to other *pro se* motions, both before and after Stokes filed appellant's brief, that were overruled by the appellate court. Freeman also filed a *pro se* brief that

7

was struck, objections to the brief filed by Stokes, and requested that Stokes withdraw and for permission to represent himself on appeal to no avail. (11th COA Dkt. Sheet)

Freeman claims his right to due process was violated by the appellate court's refusal to review "colorable federal claims" identified by him and by the court, itself, "effectively blocking" consideration of any meritorious federal claims and denying him an adequate and effective appeal as of right. He further claims appointed counsel was "forced upon him," in violation of equal protection, and the appellate court should either have allowed him to represent himself *pro se*, present various grounds *pro se,* or allow hybrid representation. (Pet. Insert; Pet'r Reply to Resp't Supp. Answer at 7-17)

To the extent Freeman claims the appellate court's procedures violated the Texas Constitution, Texas law, or Texas rules of appellate procedure, he fails to state a claim cognizable on federal habeas review. *Sharp v. Johnson*, 107 F.3d 282, 290 (5th Cir. 1997); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Further, it is well settled that an indigent criminal defendant has a constitutional right, as derived from the Due Process and Equal Protection Clauses, to appointed counsel for a first appeal of right to ensure "meaningful access" to the courts irrespective of financial resources. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Evitts v. Lucey*, 469 U.S. 387, 393 (1985); *Douglas v. California*, 372 U.S. 353, 358 (1963). A criminal defendant, however, has no federal constitutional right to represent himself on direct appeal, to submit *pro se* motions or a *pro se* brief in addition to a brief submitted by appellate counsel, or to hybrid representation on appeal. *Martinez v. C.A. of Cal., Fourth App. Dist.*, 528 U.S. 152, 155 (2000); *Smith v. Collins*, 977 F.2d 951, 962 (5th Cir. 1992). Thus, a state court is not constitutionally

prohibited from requiring an indigent criminal defendant to accept against his will a state appointed appellate attorney. *Martinez*, 528 U.S. at 154.

### 3. *Evidentiary Hearing*

Freeman requests an evidentiary hearing for purposes of developing the record in support of his claims because a hearing was not held in state court. (Pet'r Reply to Resp't Supp. Answer at 17-17) *See* 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> > (A) the claim relies on–
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Freeman has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Freeman's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 10, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 10, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November __19__, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE