```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
           FORT WORTH DIVISION
```

TERRY GENE FREEMAN,           §
                              §
VS.                           §   CIVIL ACTION NO.4:07-CV-176-Y
                              §
RICK THALER,                  §
Director, T.D.C.J.            §
Correctional Institutions Div., §

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
     AND ORDER DENYING CERTIFICATE OF APPEALABILITY</u>
        (With special instructions to the clerk of Court)

In this action brought by petitioner Terry Gene Freeman under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 19, 2010;

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 5, 2011; and

4. The petitioner's supplement to the written objections to the proposed findings, conclusions, and recommendation filed on July 18, 2011.[1]

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied, for the reasons stated in the magistrate judge's findings and conclusions and as set forth here.

Petitioner Freeman argues in his objections that he is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2), and in a supplement to the objections, supports this argument by citing the recent Supreme Court case *Cullen v. Pinholster.*[2] *Cullen*,

---

[1] The clerk of Court is directed to docket the July 18, 2011, document from Freeman as supplemental objections.

[2] 131 S. Ct. 1388 (2011).

however, made clear that federal habeas review under the deferential 28 U.S.C. § 2254(d)(1) standard applicable to claims adjudicated on the merits in state-court proceedings is limited to the record before the state court.[3] Freeman argues that the § 2254(d)(1) standard cannot apply as the State did not adjudicate his claims on the merits. Even assuming Freeman's claims in this proceeding were not adjudicated on the merits in state court, "§ 2254 (e)(2) still restricts the discretion of federal habeas courts to consider new evidence."[4] As Justice Alito explained in his concurrence in *Cullen:*

> Under AEDPA evidentiary hearings in federal court should be rare. The petitioner generally must have made a diligent effort to produce in state court the new evidence on which he seeks to rely. See § 2254(e)(2); *Williams v. Taylor,* 529 U.S. 420, 433-34 (2000). If that requirement is not satisfied, the petitioner may establish the factual predicate for a claim in a federal-court hearing only if, among other things, "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2254(e)(2)(B).
>
> Even when the petitioner does satisfy the diligence standard adopted in *Williams v. Taylor, supra,* a hearing should not be held unless the new evidence that the petitioner seeks to introduce was not and could not have been offered in the state-court proceeding. Section 2254(e)(2) bars a hearing in certain situations, but it does not mean that a hearing is allowed in all other situations. *See Schriro v. Landrigan,* 550 U.S. 465, 473-74 (2007). The whole thrust of AEDPA is essentially to reserve federal habeas relief for those cases in which the state courts acted unreasonably. *See* §§ 2254(d)(1), (2), (e)(1). Permitting a petitioner to obtain federal habeas relief on the basis of evidence that could have been but was not offered in state court would upset this

---

[3] *Cullen,* 131 S.Ct. at 1398-1400.

[4] *Id* at 1401.

2

scheme.[5]

Freeman has not shown that he has satisfied the diligence standards or that he could not have produced evidence in the state-court proceedings.[6] Further, Freeman has also not satisfied the requirement of § 2254(e)(2)(B). Freeman's objections, as supplemented on July 18, 2011, are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Terry Gene Freeman's petition for writ of habeas corpus is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[7] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order

---

[5] *Id* at 1411-12 (Alito, J. concurring).

[6] Freeman asserted in his petition for discretionary review, which was ultimately refused by the Texas Court of Criminal Appeals, a claim that the "court of appeals erred when it determined that the record did not confirm or establish that jurors Horn and Baxter served on the grand jury which heard evidence adverse to petitioner and that their voir dire answers were untruthful." In this federal petition, Freeman claims that because jurors "Horn and Baxter failed to disclose that they knew of [Freeman, his wife, and the minor victim] from their grand jury service, they deprived [him] of an opportunity to root out unqualified jurors at voir dire." Freeman never pursued this "juror bias" claim he presents here in an application for writ of habeas corpus in state court under article 11.07 of the Texas Code of Criminal Procedure. That article, of course, provides that if the convicting court decides that "there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement," the court may resolve those facts issues by "affidavits, depositions, interrogatories, additional forensic testing and hearings. . .." Tex. Code Crim Proc. Art. 11.07(3)(d)(West Supp. 2010).

[7] *See* Fed. R. App. P. 22(b).

adverse to the applicant."[8] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[9] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[10]

In this case, Freeman initially sought relief on ten grounds, and this Court dismissed the case for failure to exhaust as a mixed petition. Although Freeman always took the position that all ten claims were exhausted, the United States Court of Appeals for the Fifth Circuit remanded the case in order to allow Freeman to dismiss his unexhausted claims. Thus, this Court, by order of June 16, 2009, determined that only four claims were exhausted, and directed Freeman to file an amended petition with only those claims. Freeman contested that order and filed a notice of appeal, and this Court then issued an order certifying the June 16, 2009, order for appeal under 28 U.S.C. § 1292(b). The Court did so by reciting the applicable standard, "a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

---

[8] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[9] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[10] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

4

Freeman now contends that this Court's order certifying the appeal was effectively the same as a grant of a certificate of appealability under 28 U.S.C. § 2253 as to the determination of which claims were exhausted. This Court rejects this argument for two reasons. First, this Court's determination that there was a substantial ground for difference of opinion on a controlling question of law is not the same as the showing required to authorize the issuance of a § 2253 certificate of appealability.[11] Second, the certification under § 1292(b) was issued based upon this Court's determination that an immediate appeal would "materially advance the ultimate termination" of this litigation. This case had already been to the court of appeals and remanded to this Court expressly on the issue of exhausted/unexhausted claims, and the Court was then of the opinion that immediate appellate resolution of Freeman's challenge to this Court's June 16, 2009, ruling as to which claims were unexhausted, would expedite the ultimate resolution of the case.[12] Thus, the prior order related to certification under § 1292(b) does not support the issuance of a certificate of appealability.

---

[11]*See Farris v. Broaddus,* CA NO. 08-CV-00986-CMA-BNB, 2009 WL 5184186, at *5, (D.Co. Dec. 18, 2009)("The availability of an interlocutory appeal under § 1292(b), upon an appropriate showing, should not alter [Petitioner's] substantive rights to review or eliminate the requirement that she make a 'substantial showing of the denial of a constitutional right' under 28 U.S.C. § 2253(c) prior to being allowed to appeal"); *see generally Billiot v. Epps,* 107 Fed. Appx. 385, 387 (5th Cir. July 22, 2004)(declining to decide whether the district court's § 1292(b)certification should be construed as a certificate of appealability under § 2253(c)), *cert. den'd,* 544 U.S. 950 (2005).

[12]The court of appeals subsequently denied Freeman's motion for leave to appeal from this Court interlocutory order. *Freeman v. Thaler,* No.09-00055, (5th Cir. Feb. 18, 2010)("In light of the fact that Freeman will have an opportunity to challenge the district court's order in an appeal from a final judgment, we deny his petition for leave to pursue an interlocutory appeal from that order.")

Upon review and consideration of the record in the above-referenced case as to whether petitioner Freeman has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the November 19, 2010, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order.[13]

Therefore, a certificate of appealability should not issue.

SIGNED July 25, 2011.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[13] See Fed. R. App. P. 22(b); see also 28 U.S.C.A. § 2253(c)(2)(West 2006).